```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
NTG AIR & OCEAN, LLC,  :
:
                              Plaintiff,  :      1:24-cv-06218-GHW
:
             -against-  :      <u>ORDER</u>
:
GLOBAL TRUSTED BRAND LLC,  :
:
                         Defendant.  :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

      Plaintiff commenced this action on August 16, 2024, alleging that Defendant owes Plaintiff the costs associated with disposing of unaccepted goods, pursuant to their shipment contract. Compl. ¶¶ 18-21. The complaint alleges that venue is proper in this district "pursuant to paragraph 21 of the Terms and Conditions of [Plaintiff's] Bill of Lading for this shipment, which identifies the 'U.S. District Court for the State of New York' as the exclusive jurisdiction to file suit regarding 'any claim or dispute' arising under the Bill of Lading." Id. ¶ 4.

      Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 365 Franklin Avenue, Franklin Square, NY 11010. Id. ¶ 2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Florida. Id. ¶ 3. Plaintiff alleges that the parties contracted to ship a container of goods from Miami, Florida to Alexandria, Egypt. Id. ¶¶ 5, 9. Plaintiff seems to allege that the disposal of the shipped goods occurred at the destination port in Egypt. Id. ¶ 11. Because the only location in New York State identified in the complaint—Plaintiff's principal place of business at 365 Franklin Avenue, Franklin Square, NY 11010—is located in the Eastern District of New York, see 28 U.S.C. § 112(c) ("The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk . . . ."), and there are no

allegations in the complaint describing the occurrence of events or the residence of any defendant in the Southern District of New York, see 28 U.S.C. § 112(b) ("The Southern District comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester."), the Court issued an order to show cause as to why this case should not be transferred to the Eastern District of New York, another "U.S. District Court for the State of New York," on August 19, 2024. Dkt. No. 6. That order gave Plaintiff until no later than August 26, 2024 to show cause as to why the case should not be transferred to the Eastern District of New York or to consent to transfer. *Id.*; *see* 28 U.S.C. § 1406(a).

In a letter filed on August 26, 2024, Plaintiff consented to transfer. Dkt. No. 7. Because venue does not lie in this district, and the interest of justice weighs in favor of transferring the case to the district that encompasses the court identified as the proper venue, this case is hereby transferred under 28 U.S.C. § 1406(a) to the Eastern District of New York.

The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of New York without delay. Plaintiff is directed to serve a copy of this order on Defendant and to retain proof of service.

SO ORDERED.

Dated: August 27, 2024
New York, New York

GREGORY H. WOODS
United States District Judge